IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3141-D

MICHAEL WILKERSON,      )
                        )
        Plaintiff,      )
                        )
v.                      )        **ORDER**
                        )
UNITED STATES OF AMERICA, )
                        )
        Defendant.      )

Michael Wilkerson ("Wilkerson" or "plaintiff"), a federal inmate currently housed at the Federal Correctional Complex in Butner, North Carolina, filed this action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Compl. [D.E. 1]. On May 11, 2011, the court reviewed the complaint pursuant to 28 U.S.C. § 1915(e) and allowed it to proceed [D.E. 5]. On August 15, 2011, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) [D.E. 11]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Wilkerson of the motion, the consequences of failing to respond, and the response deadline [D.E. 13]. On September 2, 2011, Wilkerson filed a response in opposition to the motion to dismiss. Resp. Opp'n Mot. Dismiss [D.E. 14]. As explained below, the court grants the motion to dismiss.

I.

Under Rule 12(b)(1), the plaintiff bears the burden of establishing federal jurisdiction. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true. Kerns,

585 F.3d at 192. When the Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, apart from the complaint, the court may weigh the evidence to determine the existence of jurisdiction. Id.

Wilkerson alleges that, on August 9, 2009, he "was taking a shower . . . when a fight broke out in the common area of the Unit." Compl. 2. Correctional officers responded to the incident, and after they removed the two inmates involved in the fight, "the Officers proceeded to 'lock-down' the Unit (meaning that all inmates needed to go to their [respective] cells)." Id. Wilkerson "quickly finished his shower and . . . was trying to dry himself off" in order to comply with the lock-down order, but "Officer Beard came to the shower stall and directed Plaintiff . . . to step out of the shower 'now' and proceeded to open the shower stall door while Plaintiff was still naked." Id. Wilkerson requested "a few more seconds to get dressed," but Officer Beard refused and "forced [Wilkerson] out of the shower naked." Id. 2–3. Beard then instructed Wilkerson to walk to the Lieutenant's office while still unclothed, and two female officers observed Wilkerson. Id. 3. "Wilkerson was not involved in the fighting incident that was previously taking place, and at no time was disrespectful to Officer Beard." Id. Moreover, "Wilkerson was laughed at by inmates, staff, and was humiliated by the wrongful actions of Officer Beard . . . ." Id. "Wilkerson claims that . . . he suffered unnecessary humiliation and indignity in front of female prison staff, and in front of inmates in general, and" seeks $1,000,000 in compensatory damages. Id. 4.

Defendant seeks dismissal pursuant to 28 U.S.C. § 1346(b)(2), which provides that "[n]o person convicted of a felony who is incarcerated . . . while serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." See Mem. Supp. Mot. Dismiss [D.E. 12] 2–4. In opposition to this conclusion, Wilkerson asserts "'exceptional circumstances' that took place in this case, that

2

being that Officer Beard's conduct was so repugnant to the conscience of mankind as a whole, that the humiliation and indignity that he suffered constitutes an objective component harmful enough to establish a constitutional violation of his right to be free of cruel and unusual punishment . . . ." Resp. Opp'n Mot. Dismiss 1.

Plaintiff's allegations are not sufficient. See, e.g., Michtavi v. United States, 345 F. App'x 727, 729–30 (3d Cir. 2009) (per curiam) (unpublished); Rogers v. United States, 696 F. Supp. 2d 472, 504 (W.D. Pa. 2010); Glover-Bryant v. Uptagraft, No. 09-CV-134-JMH, 2009 WL 2877149, at *1, 6–7 (E.D. Ky. Sept. 2, 2009) (unpublished); Ajaj v. United States, 479 F. Supp. 2d 501, 550 (D.S.C. 2007); Sypert v. United States, 559 F. Supp. 546, 548 (D.D.C. 1983). Thus, the court grants the motion to dismiss.

II.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 11]. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 31 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge